UNITED STATES of America,
Plaintiff—Appellee,

v.

Ralph ARVIZU, Defendant—Appellant.

No. 99–10229.
D.C. No. CR–98–00157–FRZ.

United States Court of Appeals,
Ninth Circuit.

March 21, 2002.

Before POLITZ,* REINHARDT, and HAWKINS, Circuit Judges.

MEMORANDUM **

This appeal comes before us on remand from the Supreme Court. *See United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The Court reversed our prior decision and held that the border patrol agent who stopped Arvizu's van had reasonable suspicion for doing so. *Id.* at 752–53; *see also United States v. Arvizu,* 232 F.3d 1241 (9th Cir.2000). In light of this holding, we must now determine whether Arvizu voluntarily consented to the search of his van.

Arvizu admits that he consented to the search; however, he contends that he did not do so voluntarily. Whether consent is voluntary is a determination we must make by evaluating the totality of the circumstances. *United States v. Cannon,* 29 F.3d 472, 477 (9th Cir.1994). This court has identified several factors that may indicate a lack of voluntariness, such as the person being in custody or the officer having his weapon drawn. *See United States*

---

* The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*v. Chan–Jimenez*, 125 F.3d 1324, 1327 (9th Cir.1997).

In this instance, we cannot say that the district court's finding that Arvizu voluntarily consented to the search of his van was clearly erroneous. *Id.* The district court found that the border patrol agent did not engage in coercive behavior and that Arvizu was not in custody at the time the agent asked for his permission to search the van. It also found the agent's question unambiguous and Arvizu's affirmative response clear. Considering the totality of the circumstances and the fact that the district court found the agent's testimony more credible than Arvizu's, we conclude that it was not clearly erroneous for the district court to find that Arvizu's consent was given voluntarily. *See Cannon*, 29 F.3d at 477.

Arvizu also argues that even if his consent was voluntary, the agent's search exceeded the scope of the consent. Arvizu specifically contests the search inside the duffel bags on the floor of the van's back seat. The district court found that the consent included the bags and that, even if it did not, the agent had probable cause to search the bags once he was inside the car, due to the smell of marijuana emanating from the bags. Again, we hold these findings not clearly erroneous.

In sum, we hold that the district court's findings that Arvizu voluntarily consented to the search of his van and that the resulting search did not exceed the scope of the consent are not clearly erroneous. Therefore, we affirm the district court's denial of Arvizu's motion to suppress.

AFFIRMED.